UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CARL J. HACH,

Plaintiff,

v.

SUE M. PEDERSON, and
PAM M. MATSON,

Defendants.

Civil No. 01-1866 (RHK/JMM)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's Amended "Application To Proceed Without Prepayment of Fees," (Docket No. 4), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's application for IFP status be denied and that the action be dismissed without prejudice.

Plaintiff, a prisoner at the Federal Correctional Institution in Sandstone, Minnesota, commenced this action on October 11, 2001, by filing a Complaint seeking relief for alleged violations of his federal constitutional rights. He did not tender the $150 filing fee required by 28 U.S.C. § 1914(a), but instead filed an application for leave to proceed IFP. (Docket No. 2.) The Court found that Plaintiff's IFP application did not meet the requirements of 28 U.S.C. § 1915(a)(2) because it did not include sufficient information about his prison trust account. The Court further noted that Plaintiff had not complied with the initial partial filing fee requirements prescribed at 28 U.S.C. § 1915(b)(1). Therefore,

DEC 0 6 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

by order dated October 19, 2001, (Docket No. 3), Plaintiff was directed to (i) file a new IFP application, and (ii) pay his initial partial filing fee, within thirty days. The Court's order expressly warned Plaintiff that if he did not submit both an amended IFP application and his initial partial filing fee within the time allowed, his action would be subject to summary dismissal.[1]

On October 26, 2001, Plaintiff filed an amended IFP application, (Docket No. 4), as required by the Court's prior order. To date, however, he has not tendered the initial partial filing fee prescribed by § 1915(b)(1), nor has he offered any explanation for his failure to pay the fee as required both by statute and by this Court's prior order.[2] He has therefore failed to comply with the two requirements of the prior order in a timely manner.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the prior order, Plaintiff should be deemed to have abandoned this action. See Fed. R. Civ. P. 41(b) (actions may be dismissed for

---

[1] The Court's prior order stated that:

> "Plaintiff will be required to submit both (a) a new, properly completed, IFP application, and (b) the full amount of his initial partial filing fee, within thirty days after the date of this order. If he does not satisfy both of these requirements within the time allowed, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b)."

(Order dated October 19, 2001, [Docket No. 3], p. 4, [emphasis in the original order].)

[2] According to the trust account information in Plaintiff's amended IFP application, the amount of the average monthly deposits to his prison trust account during the past six months was $101.16, while the average monthly balance during the same period was $273.05. The initial partial filing fee required by the 28 U.S.C. § 1915(b)(1) is twenty percent (20%) of the greater of those two amounts. Therefore, Plaintiff should have paid an initial partial filing fee of $54.61, ($273.05 x 20% = $54.61.)

failure to comply with court orders); see also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"). It follows that Plaintiff's amended IFP application should be denied, and that this action should be dismissed without prejudice.

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Amended Application to Proceed Without Prepayment of Fees, (Docket No. 4), be DENIED; and

2. This action be DISMISSED WITHOUT PREJUDICE.

Dated: December 5, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before December 21, 2001, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.